CALDWELL, Defendant in Error, v. DICKSON, Plaintiff in Error.

1. Where a slave is hired for a fixed period, the hire to be paid at the expiration of the period, the master can recover nothing for the services of his slave if without legal cause he takes his slave away before the expiration of the contract term of service. (Caldwell v. Dickson, 17 Mo. 575, affirmed.)
2. It is the province of the court and not of the jury to construe written instruments.

Caldwell v. Dickson.

*Error to Marion Circuit Court.*

This was an action on the following instrument: "West Ely, Mo., December 25th, 1860. Know all men by these presents, that I, William T. Dickson, have this day hired of Mr. L. G. Caldwell a negro girl named Annie, to have the said girl until the 25th day of December, 1851, at which time said girl to be delivered up to said Caldwell. For the hire of said girl I am to pay fifty dollars in cash and her doctor's bill, and also to clothe her comfortably according to the season, and return her in the same condition. I am also to pay her taxes. Witness my hand and seal the day and year above written. [Signed] William T. Dickson."

At the instance of the plaintiff the court gave the following instruction: "If the jury find from the evidence that the plaintiff, on the 25th of December, 1850, hired to the defendant a slave called Ann for the term of one year ending on the 25th of December, 1851, and in accordance with said hiring delivered said slave to the defendant, and that defendant in consideration of said hiring agreed to pay plaintiff the sum of fifty dollars, without stipulating for any credit or time of payment, the performance of the service for the entire term of hiring is not a condition precedent to the payment of the hire, and the jury ought to find for the plaintiff in proportion to the time defendant had the possession of said slave under said agreement."

The jury found a verdict for plaintiff.

*T. Vanswearingen* and *W. E. Cooke,* for plaintiff in error.

I. The instruction given to the jury at the instance of the plaintiff is in direct contravention of the law laid down by this court. (See Caldwell v. Dickson, 17 Mo. 675.)

*T. L. Anderson* and *Carr,* for defendant in error.

RICHARDSON, Judge, delivered the opinion of the court.

The contract between the parties to this action on which the suit was brought is in writing, and its construction was a

matter of law to be decided by the court and not by the jury. The principles on which this case was to be retried were laid down by this court in 17 Mo. 575, and it is hardly necessary to repeat that the hire of the slave was not due by the terms of the contract until the end of the year, and if the plaintiff before that time took the slave from the defendant's possession without his consent, or without the right to do so secured by contract with the defendant, he can not recover for any portion of the hire.

The instruction asked and given at the instance of the plaintiff was erroneous, because it submitted to the jury the meaning of the contract, which it was the province and duty of the court to declare.

The other judges concurring, the judgment willl be reversed and the cause remanded.